| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>_____<br><br>Plaintiff: JAMES EIBERGER,<br><br>v.<br><br>Defendant: AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.<br>_____<br>Attorneys for Plaintiff:<br>Marc R. Levy, #11372<br>Matthew W. Hall, #41101<br>Ryan E. Nichols, #47718<br>Levy Law, P.C.<br>9781 S. Meridian Blvd., Suite 200<br>Englewood, CO 80112<br>Telephone: (303) 796-2900<br>Facsimile: (303) 796-2081<br>E-mail: mlevy@levytrial.com<br>         mhall@levytrial.com<br>         rnichols@levytrial.com | DATE FILED: March 17, 2023 11:46 AM<br>FILING ID: F5FCC99DF9D2B<br>CASE NUMBER: 2023CV30829<br><br><br>▲COURT USE ONLY▲<br>_____<br><br>Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, James Eiberger, by and through his attorneys, Levy Law, Professional Corporation, hereby submits his Complaint and Jury Demand, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, James Eiberger, is and was, at all times relevant, a resident of the City and County of Denver, Colorado.

2. Defendant, American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), is an insurance company licensed to do business in, and doing business in, the State of Colorado and the City and County of Denver.

3. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

4. Venue is proper in Denver County District Court pursuant to C.R.C.P. 98.

### GENERAL ALLEGATIONS

Exhibit A

5. On May 2, 2018, Plaintiff James Eiberger was involved in an automobile collision at Sheridan Blvd. and 10th Avenue in Denver, Colorado.

6. The collision was caused by the carelessness and negligence of another driver, Jodie Clark, who rear-ended Mr. Eiberger's vehicle.

7. As a result of the collision, Plaintiff suffered significant physical injuries, primarily to his neck, shoulder and back, as well as a traumatic brain injury.

8. At the time of the collision, the at-fault driver, Jodie Clark, was insured by Geico Casualty Company under a liability insurance policy with a limit of $25,000 per person.

9. Plaintiff's injuries, damages and losses were in excess of $25,000.

10. At the time of the collision, Plaintiff had three automobile insurance policies with Defendant American Family, each with underinsured motorist coverage in the amount of $100,000 per person/$300,000 per occurrence, totaling $300,000 per person/$900,000 per occurrence.

11. At the time of the collision, Plaintiff had underinsured motorist coverage with Defendant American Family in the amount of $2,000,000 per occurrence for bodily injury coverage through his umbrella policy.

12. At the time of the collision, Plaintiff was an insured as that term is used in the American Family policy.

13. Ms. Clark was an underinsured motorist as that term is used in the American Family policy.

14. Mr. Eiberger timely reported the claim to American Family.

15. All conditions precedent in the American Family policy has been complied with.

16. To date, Defendant American Family has not made payment of the full amount it is obligated to pay pursuant to the insurance contract.

17. In addition to economic damages, including medical expenses, Plaintiff has suffered non-economic damages and permanent physical impairment.

18. Mr. Eiberger's damages will, more likely than not, continue throughout the remainder of his life.

19. American Family has breached the insurance policy by failing to pay the benefits owed to Mr. Eiberger.

20. Mr. Eiberger has suffered damages because of American Family's conduct in the form of economic damages and non-economic damages.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21. Plaintiff incorporates all prior allegations as though fully set forth herein.

22. Prior to the accident, Plaintiff entered into a contract with Defendant American Family for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant American Family.

23. Plaintiff submitted a claim for underinsured motorist benefits for this incident under the policies of insurance.

24. Plaintiff has fully cooperated with Defendant American Family in connection with the claim.

25. American Family has given plaintiff no notice that he has violated any provision of the policy, including any duties to cooperate.

26. Plaintiff is the insured and/or the intended beneficiary of Defendant American Family's policy/contract and is therefore entitled to enforce the terms of the contract.

27. Plaintiff has made demands upon Defendant, and Defendant has not paid the amounts due to Plaintiff under the policy's underinsured motorist coverage; and has breached this contract.

28. Pursuant to Colorado law, the insurance contract with Defendant American Family provides that it shall pay sums that an insured person is legally entitled to recover in accordance with Colorado tort law as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

29. Pursuant to the insurance contract, since no specific time of performance is mentioned, American Family's performance was required within a reasonable time.

30. Pursuant to the insurance contract, since American Family has complete discretion over the exercise of its terms, it is required to exercise that discretion reasonably.

31. American Family breached its contract by, without limitation, failing to pay Plaintiff the benefits for which he is eligible, failing to timely perform its obligations under the contract,

failing to properly exercise discretion in the performance of the contract and refusing to make a payment of benefits provided for in the contract.

32. Defendant American Family has breached its contractual duties of good faith and fair dealing by acting inconsistently with the agreed common purpose of the contract, in violation of the reasonable expectations of the Plaintiff, by acting unfairly, and by misusing its discretion, acting to deprive Plaintiff of the benefits of the contract, and by acting dishonestly, unreasonably, intentionally and negligently to do so.

33. American Family's breach was willful and wanton.

34. As a direct consequence of Defendant American Family's breach of both express and implied contractual duties owed to its insured, Plaintiff suffered injuries, damages and losses.

WHEREFORE, Plaintiff, James Eiberger, respectfully requests that this Court enter judgment against Defendant, American Family, for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

## JURY DEMAND

**PLAINTIFF REQUESTS TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Dated this 17th day of March, 2023.

Respectfully submitted,

LEVY LAW, P.C.
*Original signature on file at the offices of*
*Levy Law, P.C.*

By: */s/ Marc R. Levy*
Marc R. Levy, #11372
Matthew W. Hall, #41101
Ryan E. Nichols, #47718
*Attorneys for Plaintiff*

Plaintiff's Address:
731 South Downing Street
Denver, CO 80209